[Filed March 31, 1891.]

## C. G. HUMMELL v. SEVENTH STREET TERRACE CO.

ADJOINING OWNER—REASONABLE CARE.—A party in the exercise of a right upon his own land which involves danger to the property of his neighbor, is bound to provide against such by all reasonable prudence and care.

RETAINING WALL—DILIGENCE.—Where a defendant undertakes to construct a retaining wall on his own land, which materially increases the risk of the adjoining property to land slides, he is bound to exercise his right in a way not to expose the property of the plaintiff to any risks which might be provided against by the exercise of ordinary diligence, which would require that the defendant, in its construction, should take into account or anticipate such storms or rainfalls as might reasonably be expected to occur.

DEFECTIVE CONSTRUCTION—ACT OF GOD.—No weakness or defect in such wall, caused by the negligence of the defendant, or which the exercise of ordinary care and skill would have avoided in its construction, although combined with the act of God, would excuse liability for damage to the adjoining property.

Multnomah county: E. D. SHATTUCK, Judge.

Defendant appeals.    Affirmed.

This was an action to recover damages from the defendant for negligence in the construction of a certain retaining wall and roadway upon its property above the plaintiff, whereby his fruit trees and buildings were injured and his land covered with a large amount of rock and other debris by the sliding down of the same, etc.    The defendant, after denying the negligence alleged, or any fault in the construction of such wall and roadway, as a separate answer and defense, averred that such wall and roadway were properly constructed upon its land, and capable of resisting all ordinary weather and such storms as could have been reasonably

XX OR.—26.

anticipated, and that the carrying away of the same and the damages arose from *vis major,* namely, an unprecedented rainfall and storm, lasting several days and doing great damage throughout the state. The denial putting in issue the new matter alleged as defense, a trial was had resulting in a verdict and judgment for the plaintiff, from which this appeal is taken.

*C. J. McDougall,* and *Chas. H. Carey,* for Appellant.

The wall was a lawful structure, though it did materially increase plaintiff's risk, and so long as it was not negligently built or maintained the law imposes no penalty on defendant for having increased that risk. (Shear. & Red. Neg. § 728; *Calkins* v. *Barger,* 44 Barb. 424; *Sheldon* v. *Sherman,* 42 N. Y. 484, 1 Am. Rep. 569; *Marshall* v. *Welwood,* 38 N. J. L. 339, 20 Am. Rep. 394; *Garland* v. *Towne,* 55 N. H. 55, 20 Am. Rep. 164; *Brown* v. *Collins,* 53 N. H. 442, 16 Am. Rep. 372; *Radcliff's Ex.* v. *Mayor,* 4 N. Y. 195, 53 Am. Dec. 357; *Livingston* v. *Adams,* 8 Cow. 175.)

Nor can the defendant, though negligent, be held accountable if its neglect was not the cause of the accident. (*City of Allegheny* v. *Zimmerman,* 95 Pa. St. 287, 40 Am. Rep. 649; *Inhabitants of China* v. *Southwick,* 12 Me. 238; *Collier* v. *Valentine,* 11 Mo. 299, 49 Am. Dec. 81; *Morrison* v. *Davis,* 20 Pa. St. 171, 57 Am. Dec. 695; *Gillespie* v. *St. Louis & C. Ry. Co.* 6 Mo. App. 554; *Denny* v. *N. Y. Cent. Ry. Co.* 13 Gray, 481, 74 Am. Dec. 645; *McClary* v. *Sioux City R. R. Co.* 3 Neb. 44, 19 Am. Rep. 631.)

The rule of law is, that all that could be required of the owner, if he is not an insurer of the plaintiff, is ordinary and reasonable prudence in the selection of his engineer and contractor. (*U. S.* v. *Peachy,* 36 Fed. Rep. 160; Washburn on Easements, *444.)

*Killen, Starr & Thomas,* for Respondent.

If the loss occurs because of the negligence of a person, even though united with the act of God, he is liable for such loss. (Wharton on Neg. §§ 125, 553; 2 Field's Law Br. 14; *Michaels* v. *New York C. R. Co.* 30 N. Y. 571, 86 Am. Dec. 415; *Pruitt* v. *Hannibal R. R. Co.* 62 Mo. 527.)

The motion for a new trial for insufficiency of the evidence to justify the verdict or finding of fact is addressed to the

sound discretion of the court, and will not be reviewed on appeal, except of course for a gross abuse of discretion. (*State of Oregon* v. *Wilson*, 6 Or. 428; *Hallock* v. *City of Portland*, 8 Or. 29; *State* v. *Mackey*, 12 Or. 154.)

Lord, J.—The errors assigned relate wholly to exceptions to the charge of the court.  The charge, certified to us, consists of a series of instructions, submitting the whole question of negligence to the jury, to each one of which an exception was reserved.  The criticisms of the argument were directed mainly to the first, third and fifth instructions which examined separately, or as isolated propositions, one of them, at least, would need to be qualified and explained.

As it is the duty of the jury to consider all the instructions together, when the record discloses that an instruction in the series, although not stating the law correctly, is qualified or explained by others, so that the jury will not be likely to be misled, the error will be obviated.  (*Anderson* v. *Walter*, 34 Mich. 113.)  Thus in the case of *Losee* v. *Buchanan*, 51 N. Y. 492, 10 Am. Rep. 623, EARL, J., said:  " We must look at the whole charge and judge of it from its whole scope, and if, taking it all together, it presented the question of law fairly to the jury so as not to mislead them, exceptions to separate propositions in it or to detached portions of it, will not be upheld."  So that upon a record like this, if the charge as a whole conveyed to the jury the correct rule of law applicable to the question to be determined by them, the judgment will not be reversed because some one of them fails to state the law correctly or with sufficient qualification, when the defects are cured by other instructions.

The plaintiff owned lands adjacent to and lying below the land of the defendant.  To make it desirable for building sites, the defendant constructed a roadway winding about it, with a view to subdivide and terrace it.  At one place the roadway passed directly above the land of the plaintiff, and to support the embankment and to prevent the roadway from washing out, the defendant built a retaining wall.  The giving away of this wall, and the consequent

injury to the adjacent property as arising from its negligent construction, is the foundation of the action.

Incorporated in the bill of exceptions, enough of the evidence has been set forth to show the applicability of the instructions to the facts in issue and the sense in which they must have been understood by the jury. The evidence for the plaintiff tended to show that the retaining wall, which was about sixteen feet high, was built of boulders and rock of inferior quality. "There was rotten bed-rock, good sound rock and honey-comb rock, which would crumble as soon as the air and weather struck it, built in the wall, which was the cause of its coming down. When the rain came the honey-comb stone melted and the coarse, heavy stone came down, and the weight from behind pushed it out. The terrace did not give way. The wall fell down itself. The wall crumbled out. These rocks rolled and fell down on the place; * * * that the president of the defendant company was notified that it was being insecurely built; * * * that a slide took place when the defendant was building the road," etc. The evidence for the defendant tended to show that "nothing but good rock was put into the wall;" that there were "instructions given to the foreman to use nothing but rock, and the best men that could be got;" that there was "one man who had done some bad work, but that when the foreman's attention was called to it, it was taken out and replaced in a substantial manner;" "that the company desired the best wall that could be made and spared no money to make the best wall;" "that the rotten stone spoken of was put behind the wall for filling, and not in the wall;" "that an engineer was employed to oversee the work, a man of a great deal of skill and ability, and that the work was built under his instructions." The evidence further proceeds to show how the work was done and the material used, and that it was done substantially and to the satisfaction of the son of the plaintiff, who seemed to act for his father, etc.; that immediately before the wall was carried away, an extraordinary storm raged

for several days, causing land slides and bridges to be washed out all over the country, and causing the washout of the top of the wall, etc., and the injury to the adjoining property of the plaintiff.

The first instruction of which error is assigned charges the jury that "the plaintiff had the right to require of the defendant that it should not by any structures or any acts which it did upon its own land materially increase his risk or his liability to injury from the sliding down of the soil upon his land." The point of the objection is, that the wall was a lawful structure, though it may have materially increased the risk, but if it was not negligently constructed and maintained the defendant is not liable. It will be noted that the objection admits liability if the injury from the falling of the wall was caused by its negligent construction. Conceding this objection to be well taken, it is plainly cured of the defects complained of by the instruction which immediately succeeds and is designed to apply directly to the facts of the case. This instruction is that "the defendant, in making a roadway, or in putting structures on its land, was required to so conduct itself as not to expose the plaintiff to any risk which might be provided against by ordinary diligence. It should build its walls or construct its roadway so as to stand firm during all such storms as usually come, and such unusual storms as might be reasonably expected sometimes to occur." The phraseology of this last clause might be subjected to a techical criticism and pronounced not strictly accurate, but its meaning is obvious, and could not have misled the jury. This instruction casts upon the owner the duty of seeing that reasonable care and skill be employed in the construction of such wall and roadway upon its land, when it involves any danger or risk to the adjoining property. The company was bound to provide against such risk by the exercise of all reasonable prudence and care. In constructing its wall and roadway the defendant was bound to exercise its right in a way not to expose the plaintiff to any risk which might be provided

against by the exercise of ordinary diligence; that this would require of the defendant in the construction of its retaining wall to anticipate and provide against such storms or rainfalls as might reasonably be expected to occur. The instruction does not assert that the defendant was bound to provide against extraordinary or unprecedented storms, such as could not be reasonably anticipated, but only to make provision for such as might reasonably be expected to happen, which would involve taking into consideration the locality and the nature or character of the storms which have previously occurred. As the putting up of such a structure involved risk to the adjacent owner, the instruction declares in terms that ordinary diligence required that the defendant build its retaining wall strong enough to meet the exigency of any storm which might reasonably be expected to occur, and, as a consequence, if it did so, it would not be liable for an injury to the property of such adjoining owner arising from the insufficiency or failure of the retaining wall to resist the pressure of an extraordinary storm, such as could not be reasonably anticipated. Now, taking the instructions together, they announce the principle that when an owner on his own land builds or erects any wall or structure which materially increases the risks to a neighboring owner, he is bound to exert all reasonable diligence and care to prevent injury or damage to such adjoining owner from such risk; that as the facts show these risks mainly to be from land slides in times of storms or rainfalls, the exercise of reasonable diligence and care require that the wall or structure should be so built or constructed as to avoid all injuries or damage likely to happen from such storms or rainfalls as might reasonably be anticipated. So that when the first and second instructions are read together, or the former in the light of the latter, with reference to the facts, the plain and obvious meaning is that the plaintiff had no right to build a wall or structure without making some provision against the risk to which it exposed the adjacent property; that the rule of law requires that the

defendant exercise reasonable diligence in the construction of such wall, so as to avoid the risk to which it exposed the property of the plaintiff, and, as a consequence, if the company did not take some such precautions, or built its wall negligently and insufficient to resist the pressure of storms or rainfalls likely to happen, and which might be reasonably expected, it would be liable.

It results that these instructions recognize the right of the defendant to erect such structures upon its land, provided the company exercises reasonable care and skill in their construction to avoid liability to damage to the adjacent property, and as a consequence in such case the law imposes no liability.

The next objection is directed to the third and fifth instructions, and the criticism is that they only recognize the excuse of *vis major* in case the wall had no weakness or defect therein which contributed to produce the injury complained of. The third instruction, after stating that the act of God excuses liability if the storm was irresistible and such as no reasonable man of experience and acquaintance in the country and with the action of the elements would have expected to occur, and that it "would be an excuse for the defendant in the construction of its works, if it so constructed its works as that no weakness or defects therein contributed with the act of God to produce the result complained of." It is insisted that the words "no weakness or defect" in the wall or structure mean any weakness or defect, however slight or fanciful or speculative, or which may have in the least degree caused the injury; that the effect of this instruction is to require the construction of the wall so perfect that no weakness or defect therein, no matter how slight or remote, was discoverable therein, even by the test of *vis major*, or the defendant was liable; that if a slight defect existed, no matter how remote the cause, the defendant would be liable, though ordinary prudence could not have provided against the risk or injury. It must be admitted, if the instruction is susceptible of this construction, viewed in the light of the

issue and the facts to which it was directed, it is inconsistent with the theory of the law as declared in the preceding instructions. The evidence for the plaintiff tended to show that the wall was negligently constructed and of inferior material and so insecure and insufficient as to be incapable of resisting such storms as could have been reasonably anticipated. In the preceding instructions the court had charged the jury that it was the duty of the defendant to exercise reasonable care and skill in the construction of its wall to prevent injury to the adjacent property of the plaintiff, and that this duty, which the law imposed, required the defendant to build the wall strong and firm enough to encounter the pressure of such storms as might reasonably be expected to occur. If the defendant neglected to build the wall in a way and of material as was calculated to resist the pressure of such storms as might reasonably be expected to happen, it neglected to provide against the risks to which its structures exposed the property of the plaintiff, and was guilty of negligence and a want of ordinary care—not remote or speculative negligence, but actual negligence, in failing to do what the law required of the defendant, namely, that a party in the exercise of a right upon his own land which involves danger to the property of his neighbor, is bound to provide against such danger by all reasonable prudence and care. To this extent the defendant must perform its duty before it can claim exemption from the act of God. It is clear, then, that the weakness and defect in the wall of which the instruction required it to be free, was such as was caused by negligence, and against which the defendant was bound to provide in the first instance by ordinary diligence. In other words, "no weakness and defect" arising from the negligence of the defendant in the construction of the wall combined with the act of God in producing the injury could relieve the defendant upon the excuse of *vis major* from liability.

As the defendant's act created the risk, it must perform its duty in the first instance by providing against it to the extent of ordinary diligence; and if it fail to do it, and a

defect in the wall is the result, that defect is caused by its negligence and it is not in a condition to invoke *vis major* against the plaintiff. It was the diligence and care and skill required in the construction of the wall under the circumstances, and the consequence of defect and weakness therein from negligence or a want of ordinary care, that was the subject under consideration in connection with the act of God. This being so, "no weakness and defect" in the wall could have been referred to or meant except such as were caused by the negligence of the defendant, or its failure to observe ordinary care in the construction of the wall, and consequently the instruction cannot mean or include defects in the wall which may arise or exist where ordinary care and diligence have been observed. It is defect and weakness which the exercise of ordinary care would have avoided and ought not to be present and exist when the act of God occurs. The court was not instructing about any weakness or defect in the wall which might exist despite the exercise of ordinary care and skill, or which ordinary prudence could not provide against, but such as was caused by the negligence of the defendant, and which the exercise of ordinary care would have avoided. The words, therefore, in the instruction, "no weakness and defect therein," mean "no weakness and defect" in the wall which the exercise of ordinary care and skill in its construction could have prevented, and which, contributing with the act of God in producing the injury complained of, could relieve the defendant upon the excuse of *vis major* from liability for such injury. It is weakness and defect in the wall, caused by the negligence of the defendant in its construction, to which the instructions refer as a producing cause of the injury, and which cannot be reckoned as remote or fanciful or speculative negligence. This view disposes of the construction suggested and the legal inferences drawn from it, and declares the law in conformity with the contention of counsel for the appellant, and in no event, if properly applied to the facts by the jury, can work the defendant any wrong or injustice.

The same view applies to the fifth instruction: "If this damage occurred by the negligence and want of proper care of the defendant, united with the act of God, the defendant is liable therefor,"—that is, if the damage to the plaintiff is caused by a defect due to the negligence of the defendant, or which the exercise of ordinary care would have avoided in the construction of the wall, united with the act of God, the defendant is liable therefor. The jury was instructed that they must find that the loss or injury would have happened without such defect or negligence—without such producing cause—"in order to made the defense, act of God, an excuse in this case."

Upon the defendant's phase of the evidence in respect to the care and skill employed in the construction of the work, the fourth instruction was full and explicit. It is true, although expected to, it was not criticised, but passed by at the argument and in the brief. It illustrates the care of the learned judge below to present the law properly and correctly so as to guard and protect the rights of all concerned. The jury was instructed that if the defendant had done all that a reasonable man could have done in the employment of a competent and skillful engineer and other employes to do the work, and that they have put their knowledge and skill into exercise for the proper construction of the work, "that would be an excuse that would exonerate the defendant from liability for the effects of the work and negligence of their employes." The record discloses that the jury were permitted to view the *locus in quo*, and with the evidence before them, and the law as declared by the court, we do not see how they could err, or if they did, how we could correct it.

The judgment must be affirmed.