Richmond, P. J.,
delivered the opinion of the court.
Plaintiff, Hundley, was the owner of lot 6, block 31, in the city of Colorado Springs, and defendant, Curr, owned lot 7 immediately south of lot 6. Plaintiff alleges that for more than a year last past there was standing upon this lot a brick building which was used by him in conducting the livery business.
That in October, 1890, plaintiff and defendant entered into an agreement whereby, in consideration of $400 paid and for other good and valuable considerations, the defendant agreed that he would not build upon or obstruct any portion of a strip of land two feet wide lying between the lines of lots 6 and 7.
That after making said contract, defendant proceeded to erect a building on lot 7, and that in so doing built on and otherwise obstructed portions of the land mentioned in the agreement contrary to the terms thereof.
That, in excavating for the cellar and foundations of said building on his lot, he wrongfully dug under the surface of the land described in the contract, and under plaintiff’s foundation and removed the soil therefrom.
That the work was carelessly and negligently performed, and that, by reason of such negligence and want of care and other wrongful acts, the foundation of plaintiff’s building gave way, the south wall was cracked and a portion thereof fell to the ground, and plaintiff’s building was otherwise greatly and permanently injured.
That he had expended in repairing the damages $1,387.75, and was otherwise permanently injured in the sum of $1,000, and that his business was injured to the extent of $500.
Defendant answers, sets up the contract and further alleges that he gave due notice of his intention. Denies the negligence, and alleges due care and caution, and that plaintiff was guilty of contributory negligence in the construction of his building and failure to take the necessary steps to protect his wall from possible injury liable to result from the excavation.
*56 A counterclaim is set up by the defendant in his answer, wherein he claims $300 from the plaintiff, alleging that the plaintiff’s building was on the soil of the defendant and was constructed of defective materials, and that he had failed to protect his wall, which fell in and upon the lot of the defendant and thereby delayed him in the construction of his own building.
Trial was had and resulted in a verdict for the plaintiff in the sum of $2,237.75. Motion for a new trial overruled and judgment entered upon the verdict. Appeal prayed to this court.
The errors assigned are to admitting improper evidence, rejecting proper evidence, refusing instructions asked and instructions given.
It is insisted that the court erred in allowing the plaintiff to testify to what in his judgment was the permanent damage to his building.
We are inclined to the opinion tliat the appellant is not in a position to raise this question, for the reason that the objection to the question as well as to the answer was not specifically stated. The rule is that an objection to testimony will not in general be considered in a court of review, unless the record shows that the grounds of such objection were fairly presented to the trial court. It is only where the testimony is wholly inadmissible for any purpose in the case that a general objection will suffice. Ward v. Wilms, 16 Colo. 86; Lothrop v. Roberts, 16 Colo. 250.
The objection made was not to the question or its form, but to the qualification of the witness. Had the objections been specifically stated they might have been obviated or sustained, and in addition to this, the record shows that other testimony without objection was given supporting the estimate made by the plaintiff, and amply supporting the conclusion reached by the jury. If, therefore, the court erred in admitting the testimony of plaintiff in answer to the question, it is not sufficient to warrant us in reversing.the judg ment.
*57 The next assignment of error is that the court erred in excluding evidence offered in support of defendant’s counterclaim.
We assume from the record that the action of the court in excluding evidence of damages set forth in the counterclaim was based upon its conclusion that the matters and things alleged did not constitute a counterclaim. Whether this he true or not, it is wholly unnecessary for us to determine, in view of the fact that the answer sets up as a defense to plaintiff’s right of recovery the same matters as constituting contributory negligence on the part of the plaintiff, and evidence in support of these allegations to show contributory negligence was given without objection aud received the consideration of the court in its instructions, as well as the consideration of the jury which found against the defendant. If they did not constitute contributory neglect they certainly would not constitute the subject-matter of a counterclaim, but by this we do not mean to he understood as deciding that contributory negligence can be asserted as a ground of recovery by way of a counterclaim on the part of a defendant.
It is claimed that the defendant had a right to excavate his lot for the purpose of building on it, and that he used or-, dinary care and skill in making his excavation, and took reasonable precaution to sustain plaintiff’s land, and hence was not responsible for any damage done thereto. And that it was the duty of the plaintiff to protect his laird and buildings, after having received notice of defendant’s intention to excavate and build. This question was submitted to the jury by the court and passed upon by them. And, besides, it can be said that the record does not satisfactorily show that the plaintiff had sufficient knowledge of the fact that the defendant was digging his foundation in such a manner as to render it possible that the injury complained of would result, and against which he was obligated to provide.
The testimony shows that in making the excavation the defendant dug under the two-foot strip, as well as under the wall of the plaintiff. Of course this is a controverted prop *58 osition, but nevertheless it seems to us that there is sufficient evidence to support the verdict of the jury that the defendant was guilty of negligence in this particular.
In the case of Conboy et al. v. Dickinson, 92 Cal. 600, a similar question was presented, and the court took occasion to say that the giving of the notice cannot relieve the defendant of any portion of the prudent care with which he must have conducted the work in the absence of the statutory provision requiring notice. His excavation must be such as would not have caused the soil of the adjacent lot to tumble in had it remained in its natural state, not built upon.
In the case of Hummell v. Seventh Street Terrace Co., 20 Or. 401, it was held that, “A party, in the exercise of a right upon his own land which involves danger to the property of his neighbor, is bound to provide against such by all reasonable prudence and care.
Where a defendant undertakes to construct a retaining wall on his own land which materially increases the risk of the adjoining property to land slides, he is bound to exercise his right in a way not to expose the property of the plaintiff to any risks which might be provided against by the exercise of ordinary diligence.”
This seems to be the rule laid down by all ihe authorities and a rule that was observed by the court in its instructions to the jury, of which some complaint is made in the argument. The criticisms of the argument were directed mainly to two instructions, one of which examined separately would need to be qualified. But it is our duty under the repeated decisions of the supreme court of this state to consider all the instructions together and when the record discloses that an instruction in the series, although not stating the law explicitly, is qualified or explained by others so that the jury will not be likely to be misled, the defect will be obviated. If the instructions as a whole convey to the jury the correct rule of law applicable to the question to be determined by them, the judgment will not be reversed because some one of them fails to state the law with sufficient qualification *59 when ’ the defects are cured by other instructions. This is the rule laid down in the case last cited, and is the rule of the supreme court of this state and of this court. Hurd v. Atkins, 1 Colo. Ct. of Appeals, 449.
We do not think it necessary to set out the instructions complained of, as we have carefully examined the entire charge and reached the conclusion that the instructions are as favorable to the defendant as it was possible for the court to give. We may say, we think they show a strong inclination on the part of the court to lean toward the defendant and support his defense. The instructions asked by the defendant were properly refused. They did not embrace the law applicable to the pleading and the evidence, but, so far as they did, the court certainly included them in the instructions given.
The jury have by their verdict concluded that the defense of contributory negligence on the part of the plaintiff was unsupported by the evidence, and that the defendant was guilty of such negligence, carelessness and want of prudence as to render him liable for all the damages resulting therefrom, and there is evidence sufficient in our judgment to support this verdict; therefore it will not be disturbed.
The judgment is affirmed.

Affirmed.