Bissell, J.
The Denver Dry Goods Company discharged the appellee, Kate Martine, about the 9th of May, 1896, after she had worked for the concern since the first of the preceding March. Thereafter she tried to obtain employment elsewhere, and failing to secure it, she brought this suit against the company to recover the damages sustained by what she alleged was a wrongful dismissal. She had judgment for $72.00 and the company prosecutes this appeal. No question seems to be made in the briefs of counsel or in the assignment of errors respecting the amount of the recovery, it being evidently *300 conceded that if she was entitled to recover at, all, the judgment was not excessive. We shall therefore dismiss from our view any consideration of the measure of damages and whether the judgment under any circumstances could have been for a less sum. This is probably true since the testimony was not direct to the support or maintenance of any such issue on either side, the only controversy being about the terms and circumstances of the contract. The plaintiff’s case was made up, so far as relates to proof of her contract, its terms and conditions, substantially by her own testimony. This was controverted by W. R. Owen, the manager, and to some extent by Miss Smith, the head of the department in which she worked, and perhaps incidentally by a little collateral evidence to some other propositions. We are asked to reverse the case because there is no evidence to support the verdict. It is urged on our consideration that both courts have frequently done it where the testimony was regarded as insufficient, and very considerable discussion is indulged in by appellant’s counsel to this point. As we look at the record, it is not a case which calls for the exercise of a practice very seldom resorted to by either court and rarely justified except in cases where two elements concur; the first is, where there is a very apparent and evident want of affirmative proof on which the verdict can rest, and the judgment entered on the verdict has worked palpable injustice. We are unable to bring ourselves to the conviction that these two considerations so combine in this case as to entitle us to upset the verdict. The plaintiff very plainly testified that it was agreed between her and the foreman of the millinery department, Miss Smith, that she should go to work for the Denver Dry Goods Company in ease Miss Smith should be engaged by that concern. She testified that it was agreed between them that she should be hired for the season, though possibly there was no agreement between them as to the wages. About this we are not entirely clear. At all events, after these conversations and the employment of Miss Smith as the head of the department, Kate Martine went to work *301 after a conversation with Owen, the manager. The parties differ respecting the tenor and character of that conversation. The plaintiff testified that Owen, who concededly had the right and authority to employ people, practically and in legal effect engaged her on behalf of the Dry Goods Company, according to the terms of her contract with the head of the department. As the plaintiff put it, he told her whatever contract or arrangement she had made with Miss Smith was entirely satisfactory and that she could go to work on whatever terms they had agreed. While the conversation did not take this exact form, and I do not attempt to state it in its precise terms, this is the legal effect of it. Owen wholly denied it, and testified to an employment, if any, which was an engagement by the week at so much per week. We confess that Owen received some support from the testimonj^ of the head of the department, but the jury saw fit to disregard that testimony and believe the plaintiff because not otherwise would they have rendered their verdict. Since the plaintiff gave evidence on which the jury, if they believed it, would have a right to find that Miss Smith agreed with the plaintiff to take her as a trimmer in that department when she became the head of it for the season of 1896, and the wages were afterwards definitely determined and fixed by one having authority, to wit, Owen, we do not feel at liberty to disturb the conclusion. In reality this is the principal proposition urged on our attention. There are others which are thrown in, on which, possibly, some reliance is placed, but which so far as we can see are not supported by the record. We do not regard the question of ratification as at all involved because, whichever view we take of it, whether the view as testified to by the plaintiff, or the view as testified to by the manager, Owen, there was in point of fact, a hiring of the plaintiff, at a definite wage, leaving only the question of time open to be determined by a consideration of what had passed between the head of the department and the plaintiff before she went to work. It is an undisputed fact that the manager told her that she could go to work at $9.00 a week, *302 and. if the jury believed the story which the plaintiff told that she could go to work under the arrangement which she had made with the head of the department, then there was a complete contract made by a responsible agent for which the company would be liable. We, therefore, with these simple suggestions dismiss the question of ratification and the law applicable to it.
Complaint is made respecting the method pursued by plaintiff’s counsel in presenting the case to the jury. Objection to his line of argument- and the character of his discussion, and his departure from the line of the testimony given by the witnesses, is sought to be made a ground of reversal. The circumstances exhibited by the record do not support the claim. Without passing on the propriety or impropriety of the remarks of counsel, no exception was taken to them at the time and no objection made, and while a little criticism of the nisi prius judge is indulged in because he stepped down from the bench, it does not appear from the record that he was not within reach and that an objection would have been unavailing. Courts have decided that objection must be made at the time if parties would take advantage of such misconduct.
The only further objection urged is based on the instructions. Only three are referred to, and the balance are not printed in the abstract. We are quite willing to concede that on their face they are objectionable. They were given orally, apparently by consent of counsel, afterwards reduced to writing and the exceptions of counsel are noted in the record. The court went a little too far in some of its suggestions, and in one of the instructions assumed what was a matter at issue, and a fact which the jury must find in order to reach a verdict. The instruction assumed that the season ran from March until July, which was really a matter in dispute, although the weight of the testimony favors that position. The evidence, however, left it an open question, it was for the jury to find, and the court usurped a function which did not belong to it. It is not, however, every objec *303 tionable instruction which either reverses or permits the reversal of a case. This is well settled. Heivner v. The People, 7 Colo. App. 458; Dozenback v. Raymer, 13 Colo. 451; Curr v. Hundley, 3 Colo. App. 54.
Such cases could be multiplied indefinitely but they express the general doctrine by which the courts regard themselves as governed. We are always compelled in ascertaining whether an erroneous instruction was prejudicial, to examine the charge as a whole and see whether we ought to conclude that the jury must have been misled by the erroneous statement. If, taking the charge as an entirety, the jury were correctly instructed and no apparent injustice has been done, the courts consider it their duty to disregard immaterial errors and affirm judgments which have been obtained with an instruction not wholly based on correct legal principles. Examining the charge it appears to us that the question as to the duration of the season, as to the length of the contract and the terms of the engagement were all correctly submitted to the jury, and when they read the instructions they could not otherwise than apprehend that unless they found that the dry goods company made a contract with the plaintiff for the season, and that that season extended from March until July, the plaintiff was not entitled to recover the sum for which they found a verdict. If the season was shorter, if the contract was not made, if Owen did not agree that the arrangement with the head of the department should stand there would have been a verdict for the defendant. While we concede there is room for argument on all these propositions we are unable to discover sufficient prejudicial error to entitle the appellant to a reversal.
The judgment will accordingly be affirmed.'

Affirmed.