Argued September 16; reversed October 13, 1936

KUKACKA *v.* ROCK ET AL.

(61 P. (2d) 297)

*Custer E. Ross,* of Salem, for appellant.

*Walter C. Winslow* and *Brazier C. Small,* both of Salem, for respondent.

BELT, J.   This action arose out of an automobile accident which occurred near midnight on June 30, 1934, about two miles east of Scio, Oregon. The jury exonerated Adams from the charge of negligence but found against the defendant Rock in the sum of $1,750. Appellant Rock assigns several errors, but the vital one concerns the refusal of the trial court to allow his motion for a directed verdict.

■ A statement of the facts in the light most favorable to the plaintiff is in order. Is there any substantial evidence tending to show that the alleged negligence of Rock was the proximate cause of the plaintiff's injuries? If so, the verdict of the jury is conclusive; if not, the court should have directed a verdict in favor of the defendants.

The defendant Rock and his wife, defendant Dr. Adams and his wife, and Mrs. Harvey had been to a dance. On their way home the automobile in which they were riding skidded in loose gravel after taking a sharp turn at high speed and upset in a ditch about ten feet from the traveled portion of the highway. The car was being driven by its owner, the defendant Rock. The other parties in the car were merely guests and had nothing whatever to do with its control or operation.

As a result of this accident some of the parties sustained injuries and there was trouble in getting out of the windows of the overturned car. Rock thought his arm was broken and was having a little difficulty in breathing. Dr. Adams opened up Rock's shirt and hastily examined him for injuries. He also spent some time in ascertaining the condition and welfare of the

other members of the party. Within a few minutes thereafter he saw the lights of the Kukacka automobile approaching. It was traveling in the same direction as the Rock car had been going and was being driven by the owner, the husband of the plaintiff herein. Dr. Adams decided to wave the Kukacka car down in order to get assistance. He went to about the center of the highway and waved his arms. The driver of the Kukacka car said he thought it was a hold-up and swerved to one side in order to go by the man in the highway. While undertaking to pass Adams, the Kukacka car left the road and collided with the Rock car thereby causing injury to the plaintiff, Mrs. Kukacka, who was riding with her husband. As before stated, Dr. Adams was a guest of Rock. There is no evidence of agency or that Rock requested Adams to go into the highway or elsewhere and seek assistance from the people in the approaching Kukacka automobile. Dr. Adams was moved by a natural impulse to aid persons in distress. Such are the salient facts in the case.

██ Can it be said that the negligent act of Rock in driving his automobile into a ditch alongside the highway was the proximate cause of the injuries sustained by the plaintiff? Ordinarily proximate cause is a question of fact for the jury. It is so when different reasonable inferences might be drawn from the evidence. However, if the only reasonable deduction that can be made from the evidence is that the injuries sustained are not the natural and probable consequences of the negligence charged, it becomes a matter of law for the court to declare: *Bevin v. Oregon-Washington R. & Nav. Co.*, 136 Or. 18 (298 P. 204); *Brady v. Oregon Lumber Co.*, 118 Or. 15 (245 P. 732, 45 A. L. R. 812); *Miami Quarry Co. v. Seaborg Packing Co.*, 103 Or. 362 (204 P. 492).

Courts have experienced no difficulty in defining proximate cause in a general way but have been unable to establish any hard and fast rules for determining whether a cause is proximate or remote. Oftentimes the line of demarcation between the two is indistinct and uncertain. It is in the application of the law to a particular set of facts that difficulty is often encountered.

The law of proximate cause has been stated so many times by this court that repetition is deemed unnecessary: *Brady v. Oregon Lumber Co.,* supra; *Miami Quarry Co. v. Seaborg Packing Co.,* supra; *Doyle v. Southern Pacific Co.,* 56 Or. 495 (108 P. 201); *Palmer v. P. R. L. & P. Co.,* 56 Or. 262 (108 P. 211). We need only apply these well-established principles of law to the undisputed evidence in this case.

■■ It is fundamental that there must be some reasonable limitation of liability for the commission of a tort. The wrongdoer is not liable in the eyes of the law for all possible consequences. He is responsible in damages only for the natural and probable consequences of his negligent act. In the instant case, note the intervening incidents between Rock's negligent act in driving off the highway, overturning his automobile, and plaintiff's injury: Dr. Adams went into the highway for the purpose of securing assistance. In trying to attract the attention of Kukacka, he led the latter to believe him to be a robber. Kukacka's driving was such that he collided with a car entirely off the highway and the plaintiff suffered injury. Can it be said that the natural and probable consequence of Rock's negligence was Mrs. Kukacka's injury? It seems the very statement of the factual situation should dictate that the injuries of which plaintiff complains have no causal connection with the negligent act of Rock. They are not a probable

consequence of the negligence charged. The negligence of Rock had substantially come to a rest. It was through the independent and intervening acts of either Adams or Kukacka that the plaintiff was injured. The jury said Adams was not the efficient cause of plaintiff's injury. Hence, we must conclude that responsibility therefor rests upon her husband.

Counsel for respondent thus quotes from the noted case of *Sharp v. Powell*, L.R. 7 C.P. 253, quoted with approval in *Aune v. Oregon Trunk Railway*, 151 Or. 622 (51 P. (2d) 663):

"No doubt one who commits a wrongful act is responsible for the ordinary consequences which are likely to result therefrom; but, generally speaking, he is not liable for damage which is not the natural or ordinary consequence of such an act, unless it be shown that he knows, or has reasonable means of knowing that consequences not usually resulting from the act are, by reason of some existing cause, likely to intervene so as to occasion damage to a third person. Where there is no reason to expect it and no knowledge in the person doing the wrongful act that such a state of things exists as to render the damage probable, if injury does result to a third person, it is generally considered that the wrongful act is not the proximate cause of injury so as to render the wrongdoer liable to an action."

and asserts that it is good law. We agree with such conclusion, but can not concur in the view that the damage sustained was the "natural or ordinary" consequence of the negligence charged. The Kukacka car went into the ditch and collided with the Rock car either (1) through the negligence of Kukacka, or (2) by reason of the intervening act of Dr. Adams.

We see no need to discuss the cases cited by respondent as all are based upon facts materially at variance with those in the case at bar.

It follows that defendant Rock was entitled to a directed verdict in his favor. The judgment of the lower court is, therefore, reversed and the action dismissed.

KELLY, J., did not participate in this decision.