Argued July 11, affirmed September 27, 1973

ALLEN, *Appellant, v.* SHIROMA, *Defendant,*
LEATHERS, *Respondent.*

514 P2d 545

*Bernard Jolles,* Portland, argued the cause for appellant. With him on the briefs were Franklin, Bennett, DesBrisay & Jolles and Larry N. Sokol, Portland.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe and James B. O'Hanlon, Portland.

Before O'CONNELL, Chief Justice, and McAllister, Denecke, Holman\*, Howell and Bryson, Justices.

DENECKE, J.

In a personal injury action the trial court entered a judgment for the defendant Leathers despite a verdict against the defendant Leathers and for the defendant Shiroma. Plaintiff appeals only from the judgment for the defendant Leathers.

The sole issue is the extent of Mrs. Leathers' liability.

The circumstances leading up to plaintiff's injury are unusual. Vehicles driven by the two defend-

---

\* Holman, J., did not participate in this decision.

ants, Shiroma and Leathers, collided. The collision was not horrendous and the cars remained operable; however, some glass and debris did fall on the pavement. A jury could find the defendant Mrs. Leathers negligently caused the collision.

Plaintiff was in his car, waiting at a stop sign, when the collision occurred on the cross street in front of him. He stopped in his lane, got out and instructed Mrs. Leathers to move her car, which she did. Plaintiff put out flares and directed traffic. Plaintiff noticed his car was impeding traffic. He asked a young man, White, to move his car out of the way. White was too young to be licensed as a vehicle operator. He got in the car, lurched forward, struck another vehicle, veered across the street and struck plaintiff. Plaintiff was struck about 15 minutes after the initial collision.

Plaintiff contends the jury should decide whether Mrs. Leathers is liable for plaintiff's injuries because of her negligence in causing the initial collision.

Plaintiff's contention raises the issue examined at length in Mr. Chief Justice O'CONNELL's specially concurring opinion in *Dewey v. A. F. Klaveness & Co.,* 233 Or 515, 519, 379 P2d 560 (1963), and evolved in *Hills v. McGillvrey,* 240 Or 476, 402 P2d 722 (1965); *Mezyk v. National Repossessions,* 241 Or 333, 405 P2d 840 (1965); *Stewart v. Jefferson Plywood Co.,* 255 Or 603, 469 P2d 783 (1970); and *Gunn v. Hi-C-Home, Inc.,* 260 Or 404, 490 P2d 999 (1971), among others. The questions are: By what criteria should the extent of defendant's liability be determined, and does the judge or the jury make the determination?

■ A jury could have found that Mrs. Leathers' conduct was a cause in fact of plaintiff's injury. A neg-

ligent defendant, however, is not liable for every injury for which her conduct is a cause in fact.

■ ■ The court has no problem in concluding that Mrs. Leathers had a duty to act reasonably to avoid inflicting physical injury. However, Mrs. Leathers' conduct is in breach of that duty and she is negligent only if, as a reasonably prudent person, she should have foreseen that plaintiff might be injured.[1] The jury determines whether the injury is foreseeable unless the court is of the opinion that there is insufficient evidence to support a finding that the injury was foreseeable.

The precise question before us is whether there is sufficient evidence to enable a jury to find Mrs. Leathers was negligent; that is, is there sufficient evidence to enable the jury to find that Mrs. Leathers should have foreseen that plaintiff might be injured because of her conduct?

In *Stewart v. Jefferson Plywood Co.,* supra (255 Or 603), we stated some of the factors to be used in determining if there was sufficient evidence to submit the negligence question to the jury:

"The premise upon which this standard is based is the concept that an actor should not be liable unless he is at fault in the legal sense. Although legal fault is not the exact equivalent of moral fault, the predicate is blameworthiness in some sense; the actor being regarded as blameworthy if his conduct is, according to community standards, generally considered as creating a danger to persons in the

---

[1] Prosser writes in terms of duty rather than negligence. Prosser, Torts (4th ed), § 43. We are of the opinion, however, that our approach, in terms of negligence is basically the same as Prosser's in terms of duty; certainly both are based upon foreseeability.

situation in which the plaintiff finds himself. 'Thus the standard represents the general level of moral judgment of the community, what it feels ought ordinarily be done, and not necessarily what is ordinarily done, although in practice the two would very often come to the same thing.' 2 Harper & James, The Law of Torts, p. 903 (1956)." 255 Or at 608.

We broadened this basic concept of blameworthiness to include an anticipation of general kinds of harm to persons in the general class threatened:

"An important corollary of this principle is that 'liability is confined to harms actually resulting that are of the general kind to be anticipated from the conduct and, for the same reason, liability is confined to situations in which the person harmed is one of the general class threatened.'" 255 Or at 608-609.

However, we limited what the defendant should be held to foresee as follows:

"Thus fault, as the term is usually understood, is not associated with conduct which causes harm through the concatenation of highly unusual circumstances. If, in our appraisal of the community's conception of fault, we find that the conduct in question clearly falls outside the conception, we are charged with the duty of withdrawing the issue from the jury." 255 Or at 609.

We applied these factors to the evidence in *Stewart* and held defendant's negligence was a question for the jury. The evidence was that the defendant negligently started a fire in its mill. The fire spread to defendant's log deck about 1,000 feet away. Sparks from the burning deck fell on the roof of a nearby warehouse. The plaintiff heard about the fire and that help was needed. He went to the fire and was directed

to go to the warehouse roof and put out the sparks. He did so and fell through a covered skylight.

In *Gunn v. Hi-C-Home, Inc.,* supra (260 Or 404), we reached the same result; we held there was a jury question on the issue of negligence. There, the plaintiff was an elderly, partially disabled, lady who was staying at defendant's nursing home. Defendant turned on the pump for a fountain which caused a sudden roar or rumble which, in turn, frightened plaintiff, causing her to fall.

■ The present case, however, we find is on the other side of the scales. We hold that there was no evidence from which the jury could find that Mrs. Leathers should have foreseen this kind of injury to the class of persons to which plaintiff belonged. Using the test of *Stewart,* we find "plaintiff's injury and the manner of its occurrence was so highly unusual that we can say as a matter of law that a reasonable man, making an inventory of the possibilities of harm which his conduct might produce, would not have reasonably expected the injury to occur." 255 Or at 609.

Articulating reasons which do not consist merely of statements supporting a judgment already intuitively made is not easy. The two events which we find most unforeseeable by a reasonable person in defendant's position were the plaintiff leaving his car in a traffic lane and later having an incompetent driver move the car.

In *Stewart* we recognized the problem of defining when the harm is foreseeable. We observed that if we adopted "a detailed, mechanism-of-harm description of the result and the risks" few harms would be considered foreseeable. 255 Or at 610. However, the events in this case can be classified as "the concatena-

tion of highly unusual circumstances." 255 Or at 609.

*Kukacka v. Rock,* 154 Or 542, 61 P2d 297 (1936), is in accord with our decision. There, the defendant Rock negligently operated his car and caused it to upset in a ditch near the road. Some of the passengers were injured and had trouble getting out of the car. One passenger, Dr. Adams, went upon the road to signal a passing car and get assistance. The Kukacka car approached; Mr. Kukacka thought Dr. Adams was a hold-up man; he veered off the road and the Kukacka car collided with the Rock car in the ditch. Mrs. Kukacka, a passenger in the Kukacka car, sued Rock for damages for her injuries. We held Rock was not responsible for plaintiff's injuries because Rock's negligence was "not the proximate cause" of her injuries.

Plaintiff states that *Kukacka* should be distinguished because "defendant did not create a dangerous condition on the highway which continued until plaintiff was injured. Rock's car was off the road and presented no hazard to oncoming traffic." This is a distinction; however, we consider the cause of plaintiff Allen's injuries to be a concatenation of circumstances as "highly unusual" as those in the *Kukacka* case.

Plaintiff cites *White v. Rosenberry,* 441 Pa 34, 271 A2d 341 (1970), in which a majority of four justices held a defendant, whose negligence caused a collision, liable to a passerby who was injured while attempting to remove defendant from the predicament in which her negligence had placed her. We are of the opinion that the circumstances in that case were not as unusual as this case; however, if we are in error in that regard, we do not find the decision persuasive.

Plaintiff also contends that 2 Restatement (Second) Torts supports his position. Sections 435 (1), 439

and 447 are stated in broad enough terms to be construed to make plaintiff's injuries foreseeable. On the other hand, § 435 (2) is broad enough in terms to justify a decision that defendant should not be responsible for plaintiff's injuries. The section states:

"The actor's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm." 2 Restatement (Second) Torts, 449 § 435 (2).

Affirmed.