Argued and submitted November 14, judgment reversed and remanded;
motion to dismiss cross-appeal denied; order subject
to cross-appeal affirmed December 15, 1980

ADULT AND FAMILY SERVICES DIVISION,
*Appellant, Cross-Respondent,*

*v.*

SCOGGINS,
*Respondent, Cross-Appellant.*

(No. 16-79-06879, CA 16162)

620 P2d 962

William F. Gary, Deputy Solicitor General, Salem, argued the cause for appellant, cross-respondent. With him on the briefs were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and W. Benny Won, Assistant Attorney General, Salem.

Michael L. Williams, Eugene, argued the cause for respondent, cross-appellant. With him on the briefs was Johnson, Harrang, Swanson & Long, Eugene.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P. J.

**JOSEPH, P.J.**

Plaintiff brought this action pursuant to ORS 411.620(1)[1] to recover public assistance allegedly unlawfully obtained by defendant. Defendant demurred on the ground that the action was barred by ORS 12.110(2), the two-year statute of limitations applicable to actions "upon a statute for a forfeiture or penalty to the state or county ***." The demurrer was sustained, and judgment was entered for the defendant.

■      The court erred in sustaining the demurrer. Plaintiff's action to recover public assistance unlawfully obtained was not an action "for a forfeiture or penalty." It was in the nature of a claim for money had and received. Therefore ORS 12.110(2) was not applicable. There being no other statutory limitation expressly applicable to this action, it was not time barred. ORS 12.250.

Defendant moved to strike the original complaint in its entirety with prejudice on the ground that her right to have "justice *** administered *** without delay" under Article I, section 10 of the Oregon Constitution was denied.[2] The claimed wrongful acts were alleged to have occurred between December 1, 1971, and October 31, 1973; this action was filed in July, 1979.[3] The motion was denied. Defendant now cross-appeals that denial as an inter-

---

[1] ORS 411.620(1):

"The division may prosecute a civil suit or action against any person who has obtained, for the benefit of himself or any other person, any amount or type of general assistance or public assistance, as defined in ORS 411.010, or has aided any other person to obtain such general assistance or public assistance, in violation of any provision of ORS 411.630, or in violation of ORS 411.640. In such suit or action the division may recover the amount or value of such general assistance or public assistance so obtained in violation of ORS 411.630, or in violation of ORS 411.640, with interest thereon, together with costs and disbursements incurred therein."

[2] The motion also cited the Fourteenth Amendment to the United States Constitution, but that ground is not asserted here.

[3] We note that nothing in the complaint reveals *when* the state discovered the existence of the facts that made the receipt of public assistance unlawful. This opinion does not foreclose the defendant from raising any matter that the fact finding process may disclose.

mediate order under ORS 19.140.[4] Plaintiff moved to dismiss the cross-appeal as not being from a final order under ORS 19.010. The motion was denied. The state has renewed the motion, and it is again denied.

A motion to strike was not an appropriate way to raise the matter asserted under former ORS 16.100(1). *See Harris v. Northwest Natural Gas Company,* 284 Or 571, 573 n 1, 588 P2d 18 (1978). We cannot treat it as being in effect a demurrer, because the parties have never treated it as such and because the motion was supported by an affidavit by the defendant containing factual assertions upon which the motion rested. Moreover, even if we were to accept. that a motion to strike was an appropriate way to raise the constitutional issue, as such it was also founded on matters not pleaded. *See* former ORS 16.030; former ORS 16.710.

Only the trial court file is before us. We do not know the reason or reasons the trial court denied the motions, for the proceedings were not reported. However, the denial is supported by the reasons in the foregoing paragraph and is affirmed.

The judgment is reversed and remanded; the motion to dismiss the cross-appeal is denied; the order subject to the cross-appeal is affirmed.

---

[4] ORS 19.140:

"Upon an appeal, the appellate court may review any intermediate order involving the merits or necessarily affecting the judgment or decree appealed from; and when it reverses or modifies such judgment or decree, may direct complete. restitution of all property and rights lost thereby."