Argued and submitted November 20, 1985, reversed and remanded October 15, 1986

# BECKER et al,
*Appellants,*

*v.*

# BARBUR BLVD. EQUIPMENT
# RENTALS, INC. et al,
*Respondents.*

(A8310-06733; CA A34303)

726 P2d 967

Douglas B. Gordon, Portland, argued the cause and filed the brief for appellants.

I. Franklin Hunsaker, Portland, argued the cause for respondents Barbur Blvd. Equipment Rentals, Inc., and Scott Edwards. With him on the brief were Stephen F. English, Scott M. Stickney, and Bullivant, Houser, Bailey, Hanna, Pendergrass, Hoffman, O'Connell & Goyak, Portland.

John S. Folawn, Portland, argued the cause for respondent Schwinn Bicycle Company. With him on the brief were Lee Aronson, and Holmes, DeFrancq & Schulte, P.C., Portland.

No appearance for respondent Ronald W. Olson.

Before Richardson, Presiding Judge, and Newman and Deits,* Judges.

DEITS, J.

---

* Deits, J., *vice* Warden, J.

## DEITS, J.

Plaintiffs appeal the dismissal of their complaint for damages for personal injuries and loss of consortium. Because we hold that the complaint alleges facts sufficient to state claims for negligence, strict product liability, breach of implied warranty and loss of consortium, we reverse.

The complaint alleged that plaintiff Carolyn Becker[1] rented a rooftop bicycle rack from defendant Barbur Blvd. Equipment Rentals (Rentals). The rack was manufactured by defendant Schwinn Bicycle Company (Schwinn) and was selected and installed on the roof of plaintiff's van by Rentals' employes, including defendant Edwards. Later the same day, while plaintiff was driving on an interstate highway, the loaded bicycle rack fell off and came to rest in the center lane of the highway. She pulled the van over, stopped and walked back to the vicinity of the rack and its cargo of four bicycles. Before she attempted to retrieve them and while standing on the side of the highway, she was struck and injured by an automobile driven by defendant Olson.[2]

Although the amended complaint alleges that Olson was driving negligently, there is no allegation that his negligence caused plaintiff's injuries. Rather, the complaint alleges, in various claims, that the cause of the injuries was the negligence of defendants Rentals and Edwards, the negligence of defendant Schwinn, Rentals' breach of its implied warranty and the defective condition of the bicycle rack, rendering it unreasonably dangerous to plaintiff and other consumers and users. More specifically, Rentals and Edwards are alleged to

---

[1] Henry Becker's claim for loss of consortium depends upon the validity of the claims of his wife Carolyn. Accordingly, we shall refer to her as "plaintiff."

[2] The original complaint named Olson as a defendant and alleged in an alternative claim that his negligence caused plaintiff's injuries. When the trial court indicated that it would dismiss all claims against Rentals, Edwards and Schwinn, plaintiff sought and was granted a voluntary dismissal as to Olson. However, the amended complaint alleges:

"While Plaintiff was standing off of said highway and before making any attempt to remove said rack from said highway, Plaintiff was then and there struck by the automobile then being driven negligently in a southerly direction on Interstate-5 by Ronald W. Olson, causing injuries to Plaintiff as hereinafter described. The negligence of Ronald W. Olson in operating his vehicle consisted of his failing to maintain a proper lookout, failing to exercise proper control over his vehicle and in proceeding at an excessive rate of speed."

have caused plaintiff's injuries by negligently failing to furnish a bicycle rack of the correct size and failing to fasten straps of a sufficient length to permit safe and secure mounting on the roof of plaintiff's car, as well as by failing to warn plaintiff that the rack was unsuitable for use on her car, failing to install the rack properly and failing to follow the mounting instructions of the manufacturer. The claim against Rentals and Schwinn for strict product liability alleges that the rack was defective because there were no warnings describing the maximum width of vehicle rooftop for which the rack was designed or directions for properly securing the rack on any vehicle, and because the fastening straps provided were inadequate. Those design deficiencies also form the basis for the negligence claim against Schwinn.

In analyzing the dismissal of a complaint, we consider as true all allegations as well as any facts which might conceivably be adduced as proof of the allegations. *Mezyk v. National Repossessions,* 241 Or 333, 336, 405 P2d 840 (1965).

Defendants Rentals and Schwinn moved for dismissal of the amended complaint for failure to state a claim. The trial court granted the motion, holding that the plaintiffs had failed to plead causation and therefore had failed to state ultimate facts sufficient to constitute a claim.

In order to state a claim for negligence, a plaintiff must allege facts showing that the defendant owed the plaintiff a *duty,* that the defendant breached the duty and that that was a substantial factor in causing damage to the plaintiff. The question of duty is a matter of law for the court to decide. Issues of breach of duty, causation and damages are generally matters of fact for the jury to decide, unless there is insufficient evidence to present an issue of fact. The special concurring opinion of Judge O'Connell in *Dewey v. A.F. Klaveness & Co.,* 233 Or 515, 379 P2d 560 (1963), which established this formulation of negligence, indicates that the issue of duty is concerned, not with the particular case, but with "the question of whether as a matter of policy liability should be imposed in the class of case before the court * * *." 233 Or at 526. Here, the *class* of case involves the duty of those who manufacture, rent or install products for use on automotive vehicles to exercise reasonable care so that their conduct does not create a foreseeable risk of harm to users of the product. Defendants'

duties do not depend on a special relationship with plaintiff; rather, they are drawn from the general duty recognized in *Kirby v. Sonville,* 286 Or 339, 594 P2d 818 (1979):

> "[I]n general one owes the duty to every person in our society to use reasonable care to avoid injury to the other person in any situation in which it could be reasonably anticipated or foreseen that a failure to use such care might result in such injury." 286 Or at 344.

We conclude that all of the defendants owed plaintiff, as a user and as a member of the traveling public, a duty to conduct their activities with reasonable care to avoid an unreasonable risk of harm. *See Hills v. McGillvrey,* 240 Or 476, 402 P2d 722 (1965).

■ ■    The more difficult question, the determination of which apparently formed the basis for the trial court's ruling, is whether the complaint sufficiently alleges that defendants were "negligent." The resolution of this question depends on whether plaintiff's injury was foreseeable, because defendants cannot be held liable for harm that reasonable persons would not foresee to be a risk of their conduct. A complaint which alleges negligence need not specifically allege foreseeability to withstand a motion to dismiss. *See McEvoy v. Helikson,* 277 Or 781, 787, 562 P2d 540 (1977). However, if a plaintiff's injury is not of the general kind to be anticipated from a defendant's conduct, or if a plaintiff is not one of the general class foreseeably threatened, a court must rule that the defendant is not negligent as a matter of law. *See Stewart v. Jefferson Plywood Co.,* 255 Or 603, 609, 469 P2d 783 (1970), where the determination of foreseeability was reduced to the question of

> "whether plaintiff's injury and the manner of its occurrence was so highly unusual that we can say as a matter of law that a reasonable man, making an inventory of the possibilities of harm which his conduct might produce, would not have reasonably expected the injury to occur. Stated in another way, the question is whether the circumstances are out of the range within which a jury could determine that the injury was reasonably foreseeable." 255 Or at 609.

We conclude that a jury could determine that injury to plaintiff was foreseeable, because defendants ought reasonably to have foreseen that improper design, selection or

installation of a rooftop bicycle rack would cause the rack to fall off a moving vehicle, posing a hazard to traffic. Further, a jury could also find that they should have foreseen that the user would try to retrieve the rack and its cargo and might then be struck by a vehicle that was attempting to avoid it. Plaintiff's injuries were not unforeseeable as a matter of law.

■        Defendants contend that the negligence of Olson was a superseding cause which cuts off any liability that they might have. The formulation of liability in terms of intervening and superseding causes has been abandoned in favor of the foreseeability test set forth in *Stewart v. Jefferson Plywood Co., supra.* The negligence of a third person is not unforeseeable as a matter of law. *See, e.g., Hills v. McGillvrey, supra,* 240 Or 476; *Link v. Massie, Slate,* 277 Or 715, 561 P2d 634 (1977). A jury might reasonably conclude that defendants could foresee that some drivers might drive negligently, thereby increasing the risk of harm to users attempting to remove a fallen rack from the road.

These are not the sort of improbable events (or parties) involved in *Allen v. Shiroma/Leathers,* 266 Or 567, 514 P2d 545 (1973), where the plaintiff, who had volunteered his assistance at the scene of a collision caused by the defendant, was struck by his own car as it was being parked by an unlicensed, under-age driver. It was held that that plaintiff was not of the general class of persons foreseeably threatened by the defendant's collision. The user of a bicycle rack, on the other hand, might be expected to retrieve it from the road, both for salvage and for safety.

■        The complaint sufficiently alleges that defendants owed a duty of care, that they were negligent in failing to exercise due care and that the negligence was a substantial factor in causing plaintiff's injuries. A jury could reasonably conclude that such a sequence of events was reasonably foreseeable to Schwinn as well as to Rentals and Edwards. The judgment must be reversed, because the amended complaint states a claim for negligence. We address plaintiff's alternative claims, because their sufficiency may be contested on remand.

■        Plaintiffs' claim for strict product liability is based on ORS 30.920, which provides, in part:

"(1)   One who sells or leases any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm or damage to property caused by that condition, if:

"(a)   The seller or lessor is engaged in the business of selling or leasing such a product; and

"(b)   The product is expected to and does reach the user or consumer without substantial change in the condition in which it is sold or leased."

As the Supreme Court recently emphasized in *Ewen v. McLean Trucking Co.,* 300 Or 24, 706 P2d 929 (1985), the test for whether a product is "in a defective condition unreasonably dangerous to the user" is the "consumer contemplation test" set forth in *Restatement (Second) Torts* § 402A, *comment i.*[3] The appropriate test on a motion to dismiss a claim for strict product liability is whether a jury could find, from facts adduced in support of the allegations, that the article was "dangerous to an extent beyond that which would be contemplated by the ordinary consumer."

█      Defendants cite *Harris v. Northwest Natural Gas Company,* 284 Or 571, 588 P2d 18 (1978), for the proposition that liability should not attach when

"[t]he relationship between the product defendant sold and the situation in which its use may have been 'unreasonably dangerous' is too attenuated and remote. While the determination of 'unreasonably dangerous' is usually for the jury, the situations in which that determination is to be made is for the court to decide." 284 Or at 577.

Although that is a correct statement of the law, the facts in *Harris* are distinguishable. The court affirmed the trial court's granting of the defendant's motion to strike the plaintiff's pleading for failure to allege facts sufficient to constitute a claim for relief. After the defendant had delivered natural gas and lighted the pilot lights in plaintiff's furnace and water heater, located in a garage, the pilots ignited gasoline vapors in the garage. However, the defendant controlled only the supply

---

[3] *Comment i* provides, in part:

"The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics."

of gas and had no control over the manufacture or design of the heater or furnace, the placement of the appliances in the plaintiff's garage or the plaintiff's activities in the garage. In this case, defendant Schwinn had full control over the design and manufacture of the rack. Defendants Schwinn and Rentals had full opportunity to direct its proper manner of use. Furthermore, the alleged failure occurred during the normal and intended use of the rack. We have held here that the relation between the alleged defects and the circumstances of plaintiff's injuries is not too attenuated as a matter of law for liability to attach. As the Supreme Court stated in *Russell v. Ford Motor Company,* 281 Or 587, 575 P2d 1383 (1978),

> "once a product is 'dangerously defective,' its seller is [not necessarily] liable for any and all losses consequent upon its use. * * * The loss must be a consequence of the kind of danger and occur under the kind of circumstances, 'accidental' or not, that made the condition of the product a basis for strict liability." 281 Or 595.

If an ordinary consumer would consider the rack unreasonably dangerous because the user might be injured while trying to retrieve it, plaintiff's injuries are within the scope of defendants' liability under ORS 30.290. We believe that to be a question for the jury in this case. We conclude that the complaint sufficiently alleges a claim for product liability.

By the same reasoning, we conclude that plaintiff also alleged facts sufficient to state a claim for breach of implied warranty. *See Port of Portland v. Brady-Hamilton,* 62 Or App 92, 659 P2d 995, 63 Or App 146, 662 P2d 790 (1983).

Finally, the trial court's dismissal of plaintiff Henry Becker's claim for loss of consortium was based on the dismissal of plaintiff Carolyn Becker's claims. Accordingly, the dismissal of his claim is also reversed.

Reversed and remanded.