On respondent Schwinn Bicycle Co.'s reconsideration and Barbur Blvd.'s reconsideration filed December 18, 1986, petitions for reconsideration allowed, former opinion (81 Or App 648, 726 P2d 967 (1986)) modified and, as modified, adhered to March 11, 1987

BECKER et al,
*Appellants,*

*v.*

BARBUR BLVD. EQUIPMENT RENTALS, INC.,
*Respondents.*

(A8310-06733; CA A34303)

733 P2d 900

I. Franklin Hunsaker, Stephen F. English, Thomas D. Adams, and Bullivant, Houser, Bailey, Hanna, Pendergrass, Hoffman, O'Connell & Goyak, Portland, for petition for Barbur Blvd. Equipment Rentals, Inc. and Scott Edwards.

John Folawn, Lee Aronson, and Holmes, DeFrancq & Schulte, P.C., Portland, for petition for Schwinn Bicycle Company.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendants Schwinn Bicycle Company (Schwinn), Barbur Blvd. Equipment Rentals, Inc. (Rentals) and Scott Edwards petition for reconsideration of our previous decision reversing the trial court's dismissal of plaintiffs' complaint for damages for personal injuries. *Becker v. Barbur Blvd. Equipment Rentals, Inc.,* 81 Or App 648, 726 P2d 967 (1986). We have determined that a clarification should be made in the recitation of facts but that the clarification does not affect the outcome of the case.

We said in the previous opinion:

"Although the amended complaint alleges that Olson was driving negligently, there is no allegation that his negligence caused plaintiff's injuries." 81 Or App at 650.

A more accurate statement would be that it was not alleged that Olson's negligence was the *sole* cause of the injuries.

That change does not affect the disposition of the case. As discussed in the previous opinion, the negligence of a third party is not, as a matter of law, unforeseeable. Further, and also as discussed in the previous opinion, plaintiffs alleged that the negligence of defendants Schwinn, Rentals and Edwards caused the injuries. Thus, under the pleadings, evidence could be presented at trial that would demonstrate that the injuries were caused by the negligence of one or more of the defendants and of Olson.

Petitions for reconsideration allowed; former opinion modified and, as modified, adhered to.