Argued and submitted September 15, 1986, reversed and remanded July 8, reconsideration denied August 21, petition for review allowed September 29, 1987 (304 Or 185)

GATTMAN,
*Appellant,*

*v.*

FAVRO et al,
*Defendants,*
BORRELLI ENTERPRISES, INC.,
*Respondent.*

(A8309-05921; CA A37387)

739 P2d 572

Wayne Mackeson, Portland, argued the cause for appellant. With him on the briefs was Des Connall, P.C., Portland.

Peter R. Chamberlain, Portland, argued the cause for respondent. With him on the brief was Bodyfelt, Mount, Stroup & Chamberlain, Portland.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

JOSEPH, C. J.

Deits, J., concurring in part; dissenting in part.

**JOSEPH, C. J.**

This action arises from an incident in which defendant Favro allegedly stabbed plaintiff repeatedly without justification. Defendant Borrelli Enterprises, Inc. (Borrelli) owns and operates a tavern in Troutdale, where Favro was allegedly served alcoholic beverages while visibly intoxicated, having come there after drinking at another establishment. He left Borrelli's tavern and rode 14 miles in a car driven by someone else to a bar in Portland. While there, he allegedly tried to kill plaintiff, who seeks damages from Borrelli for the injuries incurred as a result of that attack.

Plaintiff assigns as error the trial court's dismissal of his second and third amended complaints for failure to state claims against Borrelli. He alleged in his second amended complaint that his injuries were caused by the negligence of Borrelli in one or more of these particulars:

"(1) In serving alcoholic beverages to defendant Favro when defendant Favro was visibly intoxicated;

"(2) In serving defendant Favro intoxicating liquors while knowing or having reason to know of the violent propensities of defendant Favro;

"(3) In continuing to serve alcoholic beverages to defendant Favro while knowing or having reason to know of the increased violent propensities of defendant Favro when drinking.

"(4) In admitting defendant Favro to the premises or allowing him to remain upon the licensed premises when defendant Favro is [sic] visibly intoxicated in violation of ORS 471.410(3) and Oregon Liquor Control Commission administrative regulations.

"(5) In failing to emphasize to its employes the rules and statutes of the state of Oregon which require that they not serve a visibly intoxicated person."

Plaintiff also alleged that, "pursuant to ORS 30.950, Borrelli is liable for all damages" caused by defendant Favro.

After dismissal of the claims against Borrelli, plaintiff again amended his complaint by adding that his injuries

"were foreseeably caused by the negligence of defendant Borrelli Enterprises, Inc., knowing or having reason to know of the increased risk of harm presented to the public by

patrons who consume alcohol, particularly those who drink to excess or while visibly intoxicated."

The third amended complaint also alleged the same five specifications of negligence as the second amended complaint, correcting the reference to ORS 471.410(3) to ORS 471.410(1). It also alleged that Borrelli is strictly liable for the injuries which were "directly or proximately caused" by Borrelli, because it "served or provided defendant Favro alcoholic beverages while defendant Favro was visibly intoxicated," in violation of ORS 30.950.

Borrelli again moved against the complaint on the ground that altering the first claim by adding that the injuries were "foreseeably" caused by the negligence of Borrelli did not allege any ultimate facts which, if proved, would permit a jury to find that Favro's conduct was or should have been foreseeable by Borrelli. He also argued that the statutory tort claim failed, because it did not allege that Favro caused reasonably foreseeable harm or legislatively foreseen harm to another. The trial court allowed the motion without explanation.

The liability of a tavern owner for off-premises injuries to a third person caused by an intoxicated person's conduct other than by driving has never been dealt with by Oregon appellate courts.[1] The Supreme Court recognized, in *Chartrand v. Coos Bay Tavern,* 298 Or 689, 695, 696 P2d 513 (1985), three possible theories on which a plaintiff could proceed against a tavern owner for injuries caused by a patron:

"(1)  common law negligence without reference to any statute as recognized in *Campbell v. Carpenter,*[279 Or 237, 566 P2d 893 (1979)];

"(2)  negligence proved as a matter of law by violation of Oregon Liquor Control Act Chapter 471, as recognized in *Davis v. Billy's Con-Teena,* 284 Or 351, 587 P2d 75 (1977); and

"(3)  statutory tort as recognized in *Nearing v. Weaver,* 295 Or 702, 670 P2d 137 (1983) * * * based on ORS 30.950."

---

[1] In *Ollison v. Weinberg Racing Assoc.,* 69 Or App 653, 688 P2d 847 (1984), we reversed a dismissal for failure to state a claim of common law negligence against an alcohol beverage server that served a visibly intoxicated patron who then fired a gun, causing a stampede of patrons, which injured some patrons on the premises where the serving was done.

Plaintiff in this case argues that he adequately pled each of those theories[2] as claims against the tavern owner.

■        We turn first to the statutory tort theory recognized in *Nearing v. Weaver, supra.* In *Chartrand v. Coos Bay Tavern, supra,* 298 Or at 696, the court explained that the plaintiff could avoid negligence concepts of foreseeability by claiming damages on a statutory tort theory, because the risk and potential harm to the plaintiff in that case had already been foreseen by the lawmakers in enacting ORS 30.950.[3] Defendant argues that the only foreseeability question resolved by the legislature was the same one decided in *Campbell v. Carpenter, supra, i.e.,* that it is reasonably foreseeable that a patron will drive an automobile after leaving a tavern.[4] The language of ORS 30.950, however, does not explicitly limit recovery of damages to those caused by drunk drivers.[5] Contrary to defendant's assertion, plaintiff does not have to plead as part of this claim that his injuries were reasonably foreseeable. The allegations in the third amended complaint adequately state a statutory tort under ORS 30.950, because they include the assertions that Borrelli served Favro while he was intoxicated, that Favro injured plaintiff and that Borrelli's actions caused the harm to plaintiff.

Plaintiff contends in this court that his negligence *per se* claim is also under ORS 30.950. On the basis of our reading of the pleadings, we cannot accept that. As the court

---

[2] Because the common law negligence claim is made without reference to a statute, is not recognized by any case law and does not involve any "special relationship," whether the tavern owner had a "duty" to guard against the kind of harm alleged in this case becomes a defense, not an element of the claim. *See Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987).

[3] ORS 30.950 provides:

"No licensee or permittee is liable for damages incurred or caused by intoxicated patrons off the licensee's or permittee's business premises unless the licensee or permittee has served or provided the patron alcoholic beverages when such patron was visibly intoxicated."

[4] In *Sager v. McClenden,* 296 Or 33, 39, 672 P2d 697 (1983), the court construed ORS 30.950 to be a codification of the Supreme Court's holding in *Campbell v. Carpenter, supra,* 279 Or at 243, that a tavern owner can be liable to third parties who are injured in an automobile accident that results from serving a visibly intoxicated customer, because it is reasonably foreseeable that the customer will drive an automobile after leaving the tavern.

[5] The legislative history does not disclose that the legislature considered tavern owner liability for damages other than those caused by drunk drivers.

pointed out in *Chartrand v. Coos Bay Tavern, supra,* 298 Or at 695, negligence can be proved against a tavern owner "as a matter of law by violation of Oregon Liquor Control Act, Chapter 471, as recognized in *Davis v. Billy's Con-Teena* * * *." Furthermore, the doctrine of negligence *per se* only applies to cases brought on "a theory of liability for negligence rather than liability grounded in obligations created by statute." *Shahtout v. Emco Garbage Co.,* 298 Or 598, 601, 695 P2d 897 (1985). Plaintiff alleged negligence and specified that Borrelli had violated ORS 471.410(1), which provides that "no person shall sell, give or otherwise make available any alcoholic liquor to any person who is visibly intoxicated." If plaintiff has a negligence *per se* action at all, it is for violation of that statute.

Under the doctrine of negligence *per se,* the violation of a statute raises a rebuttable presumption of negligence if the violation causes an injury to a member of the class of persons meant to be protected and the injury is of a type which the statute was enacted to prevent. *Resser v. Boise Cascade Corporation,* 284 Or 385, 587 P2d 80 (1978); *Torres v. Pacific Power and Light,* 84 Or App 412, 415, 734 P2d 364, *rev allowed* 303 Or 534 (1987). Foreseeability of the risk of harm remains a factual issue in a negligence *per se* action. *Chartrand v. Coos Bay Tavern, supra,* 298 Or at 695.

Recently, the Supreme Court summarized "the ordinary issues of [common law] negligence liability"[6] in *Donaca v. Curry Co.,* 303 Or 30, 38, 734 P2d 1339 (1987):

> "[W]hether defendant's conduct caused a foreseeable kind of harm to an interest protected against that kind of negligent invasion, and whether the conduct creating the risk of that kind of harm was unreasonable under the circumstances. The existence and magnitude of the risk * * * bear on the foreseeability of harm; the foreseeability and cost of avoiding the risk bear on the reasonableness of defendant's conduct. * * * We do not mean that they must in every case be submitted to a jury; in an extreme case a court can decide that no reasonable factfinder could find the risk foreseeable or defendant's conduct to have fallen below acceptable standards."

---

[6] In *Fazzolari v. Portland School Dist. No. 1J, supra,* 303 Or at 15, the court admonished against citing *Brennen v. City of Eugene,* 285 Or 401, 591 P2d 719 (1979), for the proposition that a complaint must allege that the defendant owed the plaintiff a duty, that the defendant breached that duty and that the breach was the cause in fact of some legally cognizable damage to the plaintiff.

The issues of common law negligence parallel the issues in the negligence *per se* claim; the difference between them is how they are proved. In a negligence *per se* action, the question of whether the conduct creating the risk of harm was unreasonable is determined by whether the statute was violated. The pleading of a negligence claim or a negligence *per se* claim, as in this case, differs only in that an allegation of violation of a "government rule" is necessary for the latter.

■ In *Donaca* the court reversed a dismissal for failure to state a negligence claim. It reasoned that, on the basis of the complaint alone, a court could not determine that no reasonable trier of fact could find the risk foreseeable. That ruling *seems* almost to eliminate failure to state a claim as a viable ground for moving against a negligence claim.[7] Borrelli is correct in pointing out that the complaint does not state *facts* which specifically constitute an allegation of foreseeability of the harm, but it does plead foreseeability as such. Assuming that foreseeability needed to be pleaded in any explicit way, *but see McEvoy v. Helikson,* 277 Or 781, 562 P2d 540 (1977); *Mezyk v. National Repossessions,* 241 Or 333, 405 P2d 840 (1965); *Becker v. Barbur Blvd. Equipment Rentals, Inc.,* 81 Or App 648, 726 P2d 967 (1986), *modified on other grounds,* 84 Or App 367, 733 P2d 900, *rev den* 303 Or 535 (1987), a point the parties do not presently dispute, the claim cannot be dismissed, because, as the court reasoned in *Donaca,* the pleadings do not show that Borrelli could not have foreseen (or could not have actually known) that a danger was being created by serving alcohol to Favro. We, therefore, conclude that the trial court also erred in dismissing plaintiff's common law and negligence *per se* claims in the third amended complaint.[8]

Reversed and remanded.[9]

---

[7] Except, perhaps, "in an extreme case," whatever that is. 303 Or at 38.

[8] Because we hold that plaintiff's third amended complaint was adequate to overcome an ORCP 21A motion, we need not address whether the second amended complaint was also adequate.

[9] The dissent concludes that the statute is ambiguous, because the Supreme Court has demonstrated that it is confused. *Compare Sager v. McClenden, supra,* with *Chartrand v. Coos Bay Tavern, supra.* That is a theory of statutory interpretation with awesome consequences, and I reject it. The statute *had* one glaring "ambiguity," but that was resolved by creative construction. *See Sager v. McClenden, supra.* We should not create another. No construction is needed in order to read what the statute *says* on the point at issue. Moreover, *Chartrand* need not be read to say something about something about which it was not.

**DEITS, J.,** concurring in part; dissenting in part.

I concur in the majority's disposition of the claims based on negligence and negligence *per se,* but dissent from the disposition of the statutory tort claim. That claim alleges that defendant violated ORS 30.950:

> "No licensee or permitee is liable for damages incurred or caused by intoxicated patrons off the licensee's or permitee's business premises unless the licensee or permitee has served or provided the patron alcoholic beverages when such patron was visibly intoxicated."

I disagree with the majority's conclusion that ORS 30.950 does not limit recoverable damages to those caused by intoxicated drivers.

The statute provides: "No licensee or permitee is liable * * * *unless*" certain conduct occurs. (Emphasis supplied.) It is unclear from that language whether the statute is limiting existing liability or extending liability beyond that recognized at common law. In *Sager v. McClenden,* 296 Or 33, 39, 672 P2d 697 (1983), the Supreme Court construed the statute as a limitation on existing liability. However, in *Chartrand v. Coos Bay Tavern,* 298 Or 689, 696 P2d 513 (1985), in *dictum,* the court characterized the statute as expanding the liability of commercial hosts beyond the existing case law limits of *Campbell v. Carpenter,* 279 Or 237, 566 P2d 893 (1977), and *Davis v. Billy's Con-Teena, Inc.,* 284 Or 351, 587 P2d 75 (1978). Because of the ambiguity in the statute, I examine the legislative history.

*Campbell v. Carpenter, supra,* was a wrongful death action where the decedent was killed by an automobile driver who had become intoxicated at defendant's tavern. In affirming the trial court's judgment, the court held that a tavern keeper can be liable in a common law negligence action if

> "at the time of serving drinks to a customer, that customer is 'visibly' intoxicated because at that time it is reasonably foreseeable that when such a customer leaves the tavern he or she will drive an automobile." *Campbell v. Carpenter, supra,* 279 Or at 243.

The court adopted the reasoning of the New Jersey court in *Rappaport v. Nichols,* 31 NJ 188, 156 A2d 1, 75 ALR 2d 821

(1959), which was decided on facts similar to those of *Campbell.* Quoting *Rappaport,* the court stated:

> " 'When alcoholic beverages are sold by a tavern keeper to * * * an intoxicated person, the unreasonable risk of harm * * * to members of the traveling public may readily be recognized and foreseen; this is particularly evident in current times when traveling by car to and from the tavern is so commonplace and accidents resulting from drinking are so frequent.' " 279 Or at 240.

In *Campbell,* the court recognized that it is foreseeable that intoxicated customers might injure third parties while leaving taverns in their automobiles. The court *did not* address injuries other than those inflicted by intoxicated patrons driving automobiles. In enacting ORS 30.950, the legislature was responding to and codifying the decision in *Campbell v. Carpenter, supra. Sager v. McClenden, supra,* 296 Or at 38; *Pfeifer v. Copperstone Restaurant and Lounge,* 71 Or App 599, 693 P2d 644 (1985). There is no indication in the legislative history that other types of injuries were considered. The types of injuries foreseen by the legislature in enacting ORS 30.950 were those caused by intoxicated drivers and not other types of injuries, such as those resulting from assault with a deadly weapon.[1]

When examining whether a statutory tort claim exists, our responsibility is to determine whether the risk, the harm and the plaintiff were contemplated by the legislature. *Nearing v. Weaver,* 295 Or 702, 670 P2d 137 (1983). If they were foreseen, the only remaining questions are whether the defendant engaged in statutorily prohibited acts and whether those acts resulted in injury. *Chartrand v. Coos Bay Tavern, supra,* 298 Or at 696. Thus, in a statutory tort claim, a foreseeability analysis, generally used by courts and juries in negligence actions to limit liability when attenuated circumstances exist, is not undertaken. Therefore, it is especially important that we do not extend liability beyond the circumstances contemplated by the legislature. Because I believe that the majority has done so in this case, I dissent.

---

[1] As noted above, in *Chartrand* the court did state that ORS 30.950 extended the liability of commercial hosts beyond *Campbell.* However, the court's comments were *dicta,* because the case was pleaded and tried solely on the issues of common law negligence and negligence *per se* and because the case involved an injury by an intoxicated patron who was driving her vehicle after leaving the tavern.